Jaion Chung, Esq. (SBN 249772)
**KAHANA & FELD LLP**
550 S. Hope Street, Suite 1600
Los Angeles, CA 90071
Tel:   (213) 235-9912
Fax:   (949) 245-7597
jchung@kahanafeld.com

Attorneys for Defendant,
UNIVERSAL CITY STUDIOS LLC (sued and served as DOE 1)

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| BELINDA GUERRA,<br><br>                    Plaintiff,<br><br>          vs.<br><br>UNIVERSAL STUDIOS, INC.;<br>SCOOTERBUG RENTALS; and DOES<br>1 to 50, inclusive,<br><br>                    Defendants. | Case No:<br>[Assigned to _____]<br><br>**DEFENDANT UNIVERSAL CITY STUDIOS LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 (b)**<br><br>(Removal from Los Angeles County Superior Court Case No. 24NNCV05556)<br><br>(Diversity Jurisdiction; 28 U.S.C. §§ 1332, 1441, and 1446)<br><br>[Declarations of Andrew Eitingon and Jaion Chung; Certificate of Interested Parties; and Civil Cover Sheet filed concurrently herewith]<br><br>Complaint Filed:   November 4, 2024<br>Trial Date:        None Set |

/ / /

/ / /

DEFENDANT UNIVERSAL CITY STUDIOS LLC'S NOTICE OF REMOVAL
OF CIVIL ACTION UNDER 28 U.S.C. § 1441 (b)

**TO THE COURT, ALL INTERESTED PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:**

   **PLEASE TAKE NOTICE** Defendant, UNIVERSAL CITY STUDIOS LLC ("UCS"), hereby removes the action entitled, *Belinda Guerra v. Universal Studios, Inc., et al.* from the Superior Court of the state of California for the County of Los Angeles (Case No. 24NNCV05556) to the United States District court for the Central District of California, Western Division. Removal of this action is proper under 28 U.S.C. §§1332, 1441 (b), and 1446 for the reasons set forth below.

<u>**JURISDICTION**</u>

   1.     This action is a civil action over which this Court has original jurisdiction based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a) and is one that may be removed to this Court by Universal City Studios pursuant to 28 U.S.C. § 1441(b) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

   2.     On November 4, 2024, Plaintiff, BELINDA GUERRA ("Plaintiff"), filed the above-entitled civil action against UNIVERSAL STUDIOS, INC., SCOOTERBUG RENTALS ("Scooterbug"), and DOES 1 to 50, in the Superior Court of the state of California for the County of Los Angeles, Case No. 24NNCV05556 (the "State Court Action"). The United States District Court for the Central District of California, Western Division, embraces the county where this action is pending. Attached as **Exhibit "A"** to the Declaration Jaion Chung filed concurrently herewith is the Complaint.

   3.     On March 14, 2025, Plaintiff filed an amendment to the complaint naming "Universal Studios LLC" in place of Doe 1. Attached as **Exhibit "B"** to the Declaration Jaion Chung filed concurrently herewith is the Amendment.

/ / /

/ / /

DEFENDANT UNIVERSAL CITY STUDIOS LLC'S NOTICE OF REMOVAL
OF CIVIL ACTION UNDER 28 U.S.C. § 1441 (b)

4.     On March 20, 2025, Plaintiff dismissed UNIVERSAL STUDIOS, INC. without prejudice. Attached as **Exhibit "C"** to the Declaration Jaion Chung filed concurrently herewith is the dismissal.

5.     On March 20, 2025, Plaintiff served UCS with the Summons, Complaint, Notice of Case Assignment, and other related case management forms and documents (collectively, the "initial pleading packet"), the Request for Dismissal, and the Amendments to the Complaint. Copies of all the documents served on UCS including the initial pleading packet, Request for Dismissal, the Amendment to the Complaint naming "Universal Studios LLC" in place of Doe 1, and an Amendment replacing "Universal Studios LLC" with UCS are attached to the Declaration of Jaion Chung as **Exhibit "D"** and a true and correct copy of the Proof of Service evidencing service of these documents is attached as **Exhibit "E."**

6.     On April 3, 2025, Plaintiff filed the Amendment to the Complaint replacing "Universal Studios LLC" with Universal City Studios LLC. Attached as **Exhibit "F"** to the Declaration Jaion Chung filed concurrently herewith is the Amendment.

7.     On April 14, 2025, UCS filed an Answer to the Complaint. Attached as **Exhibit "G"** to the Declaration Jaion Chung filed concurrently herewith is the Answer.

8.     Plaintiff's initial pleading packet, Amendments to the Complaint, Request for Dismissal, Proof of Service, and UCS' Answer, constitute all process, pleadings, and orders served in the action pending in the Superior Court of the state of California, County of Los Angeles.

/ / /

/ / /

DEFENDANT UNIVERSAL CITY STUDIOS LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 (b)

**REMOVAL IS TIMELY**

9.     This Notice of Removal is filed timely as it is within thirty days of UCS' receipt of Plaintiff's verified responses to UCS' Form Interrogatories disclosing her citizenship for diversity purposes and her Statement of Damages disclosing the amount in controversy alleged by Plaintiff.

10.     On June 4, 2025, Plaintiff served her Statement of Damages on UCS. *See* Chung Decl., ¶ 12, **Ex. H.**

11.     On June 5, 2025, Plaintiff served her verified written discovery responses on UCS. *See* Chung Decl., ¶ 13, **Ex. I.** UCS therefore now possesses the requisite knowledge and documentation to ascertain the proper grounds for diversity jurisdiction removal. 28 U.S.C. §§ 1446(b)(3).

**DIVERSITY OF CITIZENSHIP**

12.     The State Action is a civil action over which this Court has original diversity jurisdiction under 28 U.S.C. § 1332(a), for the following reasons:

13.     Plaintiff's Citizenship. In the Ninth Circuit, the determination of an individual's citizenship involves a number of factors, including the individual's "current residence" and "place of employment." *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir. 1986); *Martinez v. Michaels*, No. CV 15-02104 MMM, 2015 WL 4337059, at *4 (C.D. Cal. July 15, 2015) (citizenship requirement satisfied where plaintiff "currently live[d] in California and worked for [defendant] in California from 2006 until his termination" ); *Christ v. Staples, Inc.*, No. CV 14-07784 MMM, 2015 WL 248075, at *3-4 (C.D. Cal. Jan. 20, 2015) (citizenship requirement satisfied where, inter alia, plaintiff "lived and worked in California for approximately fifteen years" ); *Carmax Auto Superstores Cal. LLC v. Hernandez*, 94 F.Supp.3d 1078, 1091 n.38 (C.D. Cal. 2015) ("Allegations that a party has an extensive and continuous period of residence and employment in a state are sufficient to establish that the party is a citizen of the state.").

DEFENDANT UNIVERSAL CITY STUDIOS LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 (b)

14.   In her verified written discovery responses, Plaintiff has been, and remains currently, a resident of San Pedro, California within Los Angeles County.. *See* Chung Decl., ¶ 13, **Ex. I** (Plaintiff's verified response to UCS' Form Interrogatory 2.5). Accordingly, for purposes of diversity jurisdiction, Plaintiff is a citizen of the state of California.

15.   <u>Defendant's Citizenship.</u> A limited partnership is a citizen of every state of which its partners are citizens. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) Similarly, a limited liability company ("LLC") is a citizen of every state of which its members are citizens. *See, e.g., id.* ("We . . . join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). For diversity analysis, it is not relevant where an LLC is incorporated or where it has its principal place of business. *See, e.g., Alatorre v. Wastequip Mfg. Co., LLC*, 2012 WL 6628955, at *4 (E.D. Cal. December 19, 2012) ("LLC's citizenship is . . . determined not by reference to its principal place of business and state of incorporation … but by citizenship of its owners and members.").

16.   For the purposes of removal, diversity of citizenship is determined at the time the action is filed and at the time of removal. *See Strotek Corp. v. Air Transport Ass'n of America*, 300 F.3d 1129, 1131-32 (9th Cir. 2002).

a.   UCS was, at the time of filing of this action, and is now, a limited liability company organized under the laws of the state of Delaware. *See* Declaration of Andrew Eitingon filed concurrently herewith ("Eitingon Decl."), ¶ 5.

b.   The sole member of UCS is VUE NewCo LLC, a limited liability company organized under the laws of the state of Delaware. *See* Eitingon Decl. ¶ 6.

c.   VUE NewCo LLC consists of two members: (1) USI Entertainment LLC and (2) Universal Studios Company LLC. *See* Eitingon Decl. ¶ 7.

DEFENDANT UNIVERSAL CITY STUDIOS LLC'S NOTICE OF REMOVAL
OF CIVIL ACTION UNDER 28 U.S.C. § 1441 (b)

1   Both entities are limited liability companies organized under the laws of the state of

2   Delaware. *Id*.

3          d.      The sole member of USI Entertainment LLC is Universal Studios

4   Company LLC. *See* Eitingon Decl. ¶ 8.

5          e.      The sole member of Universal Studios Company LLC is NBCU

6   Acquisition Sub LLC, a limited liability company organized under the laws of the

7   state of Delaware. *See* Eitingon Decl. ¶ 9.

8          f.      The sole member of NBCU Acquisition Sub LLC is

9   NBCUniversal Media, LLC, a limited liability company organized under the laws of

10  the state of Delaware. *See* Eitingon Decl. ¶ 10.

11         g.      The sole member of NBCUniversal Media, LLC is

12  NBCUniversal, LLC, a limited liability company organized under the laws of the state

13  of Delaware. *See* Eitingon Decl. ¶ 11.

14         h.      The members of NBCUniversal, LLC are (i) Comcast Navy

15  Acquisition, LLC, a limited liability company organized under the laws of the state

16  of Delaware; (ii) Comcast Navy Contribution, LLC, a limited liability company

17  organized under the laws of the state of Delaware; (iii) NBCUniversal Enterprise,

18  Inc., a corporation organized under the laws of the state of Delaware with its principal

19  place of business in Philadelphia, Pennsylvania; (iv) Comcast CCW Holdings, LLC,

20  a limited liability company organized under the laws of the state of Delaware; (v)

21  Comcast Snap Holdings II, LLC, a limited liability company organized under the laws

22  of the state of Delaware; and (vi) Comcast CHC, LLC,  a limited liability company

23  organized under the laws of the state of Delaware. *See* Eitingon Decl. ¶ 12.

24         i.      Comcast Corporation is the operating entity for NBCUniversal

25  Enterprise, Inc., and all of its operation, executive, administrative, and policy-making

26  functions, high level officers, and day-to-day operations are conducted at Comcast

27

28

6

DEFENDANT UNIVERSAL CITY STUDIOS LLC'S NOTICE OF REMOVAL
OF CIVIL ACTION UNDER 28 U.S.C. § 1441 (b)

Corporation's corporate headquarters in Philadelphia, Pennsylvania. *See* Eitingon Decl. ¶ 13.

j.      The members of Comcast CCW Holdings, LLC and Comcast Snap Holdings II, LLC are (i) Comcast Navy Acquisition, LLC, and (ii) Comcast Snap Holdings, Inc., a corporation organized under the laws of the state of Delaware with its principal place of business in Philadelphia, Pennsylvania. Comcast Corporation is the operating entity for Comcast Snap Holdings, Inc., and all its operational, executive, administrative, and policy-making functions, high level officers, and day-to-day operations are conducted at its corporate headquarters in Philadelphia, Pennsylvania. *See* Eitingon Decl., ¶ 15.

k.      The sole member of Comcast Navy Acquisition, LLC is Comcast Corporation. *See* Eitingon Decl., ¶ 16.

l.      The members of Comcast Navy Contribution, LLC are (i) Comcast SportsNet New England Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (ii) Comcast SportsNet Philadelphia Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (iii) Versus Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; (iv) Comcast CHC, LLC, a limited liability company organized under the laws of the state of Delaware; (v) Comcast Contribution Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; and (vi) E! Holdings, LLC, a limited liability company organized under the laws of the state of Delaware. *See* Eitingon Decl., ¶ 17.

m.      The members of Comcast SportsNet New England Holdings, LLC are (i) Comcast SportsNet NE Holdings, LLC, a limited liability company organized under the laws of the state of Delaware; and (ii) CSNNE Partner, LLC, a limited liability company organized under the laws of the state of Delaware. *See* Eitingon Decl., ¶ 18.

DEFENDANT UNIVERSAL CITY STUDIOS LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 (b)

n.     The members of Comcast SportsNet Philadelphia Holdings, LLC are (i) Comcast Holdings Corporation, a corporation organized under the laws of the state of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania; and (ii) Comcast Spectacor Holding Company, LLC, a limited liability company organized under the laws of the state of Delaware. The sole member of Comcast Spectacor Holding Company, LLC is Comcast Holdings Corporation. *See* Eitingon Decl., ¶ 19.

o.     Comcast Corporation is the operating entity for Comcast Holdings Corporation, and all of its operational, executive, administrative, and policy-making functions, high level officers, and day-to-day operations are conducted at its corporate headquarters in Philadelphia, Pennsylvania. *See* Eitingon Decl., ¶ 20.

p.     The members of Versus Holdings, LLC are (i) Comcast Holdings Corporation; and (ii) E! Holdings, LLC. *See* Eitingon Decl., ¶ 21.

q.     The sole member of Comcast CHC, LLC is Comcast Holdings Corporation. *See* Eitingon Decl., ¶ 22.

r.     The sole member of Comcast Contribution Holdings, LLC is Comcast Corporation. *See* Eitingon Decl., ¶ 23.

s.     The sole member of E! Holdings, LLC is Comcast Holdings Corporation. *See* Eitingon Decl., ¶ 24.

t.     The sole member of Comcast SportsNet NE Holdings, LLC is Comcast Holdings Corporation. *See* Eitingon Decl., ¶ 25.

u.     The sole member of CSNNE Partner, LLC is Comcast Holdings Corporation. *See* Eitingon Decl., ¶ 26.

17.   UCS is informed and believes and thereon alleges that Defendant Scooterbug has not been served with a Summons and/or the Complaint. *See* Chung Decl., ¶ 11 (no Proof of Service as to Defendant Scooterbug filed in the State Court Action). Defendant Universal City Studios is further informed and believes and

8

thereon alleges that Defendant Scooterbug has yet to appear in the State Court action. *See* Chung Decl., ¶ 11 (no responsive pleading filed by Defendant Scooterbug in the State Court Action). Thus, the citizenship of Defendant Scooterbug should be ignored for the purposes of determining removability. *See Preaseau v. Prudential Ins. Co.*, 591 F.2d 74, 75-77 (9th Cir. 1979).

18.     Defendants Does 2 to 50 are fictitious. The Complaint does not set forth the identity or status of fictitious defendants 2 to 50. Thus, pursuant to 28 U.S.C. § 1441 (a), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91 (9th Cir. 1998).

19.     UCS is informed and believes and thereon alleges that no other "Doe" defendants have been served with a Summon and/ or the Complaint in the State Court Action. *See* Chung Decl., ¶ 15.

20.     Complete diversity exists as Plaintiff is a citizen of a different state from UCS, the only served defendant. Accordingly, this action may be removed by Universal City Studios to Federal Court pursuant to 28 U.S.C. § 1441.

## **AMOUNT IN CONTROVERSY**

21.     In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint. *See Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp.2d 993, 1001 (C.D. Cal. 2002). The Court must consider all recoverable damages, including liquidated damages, punitive damages, and attorneys' fees authorized by statute. *See Kroske v. US Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005).

22.     UCS' notice of removal only needs to include a plausible allegation that the amount in controversy exceeds the jurisdictional threshold. *See Dart Cherokee*

DEFENDANT UNIVERSAL CITY STUDIOS LLC'S NOTICE OF REMOVAL
OF CIVIL ACTION UNDER 28 U.S.C. § 1441 (b)

*Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 554 (2014). The standard for determining whether a defendant meets its burden of establishing the amount in controversy is by a preponderance of the evidence. *See Cagle v. C&S Wholesale Grocers, Inc.,* 2014 WL 651923, at \*5 (E.D. Cal. Feb. 19, 2014). Under this standard, "the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the plaintiff's claims for damages.'" *Behrazfar v. Unisys Corp.*, 687 F. Supp.2d 999, 1004 (C.D. Cal. 2009) (quoting *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp.2d 1199, 1204-05 (E.D. Cal. 2008)). When a "[d]efendant's calculations [are] relatively conservative, made in good faith, and based on evidence wherever possible," the court may find that the "[d]efendant has established by a preponderance of the evidence that the amount in controversy" is met. *Id.* (internal citations omitted).

23.    Here, the Court can reasonably ascertain from Plaintiff's Complaint, her Prayer for Relief, her Statement of Damages, and her verified responses to UCS' Form Interrogatories that the amount in controversy exceeds $75,000.00. Plaintiff seeks, among other things, compensatory, general, and special damages, and other and further relief. *See* Chung Decl., **Ex. A** (Complaint), **Ex. H** (Plaintiff's Statement of Damages) & **Ex. I** (Plaintiff's verified responses to UCS' Form Interrogatories nos. 6.4, 6.6, and 6.7). Without admitting the validity of Plaintiff's two (2) causes of action (which is expressly denied by UCS), the amount in controversy is in excess of $75,000.00, exclusive of interest and costs. UCS meets its burden based on the following:

24.    <u>Compensatory Damages.</u> The Complaint alleges Plaintiff is seeking compensatory damages, including "damages for medical expenses, mental and emotional distress, lost wages and employee benefits, lost earning capacity..." all "according to proof at trial." *See* Chung Decl., **Ex. A** (Prayer for Relief in Complaint). Per Plaintiff's Statement of Damages, Plaintiff seeks in excess of $516,265.00 in

DEFENDANT UNIVERSAL CITY STUDIOS LLC'S NOTICE OF REMOVAL
OF CIVIL ACTION UNDER 28 U.S.C. § 1441 (b)

medical expenses and future medical expenses. *See* Chung Decl., **Ex. H**. Per Plaintiff's verified discovery responses, Plaintiff seeks in excess of $16,265.50 in past medical expenses and an undisclosed amount in future medical expenses. *See* Chung Decl., **Ex. I** (Plaintiff's verified responses to UCS' Form Interrogatories nos. 6.4 & 6.7).

25.    <u>General Damages:</u> The Complaint alleges Plaintiff is seeking general damages "according to proof at time of trial." *See* Chung Decl., **Ex. A** [Prayer for Relief in Complaint]. Per Plaintiff's Statement of Damages, Plaintiff seeks in excess of $2,000,000.00 in pain and suffering, and emotional distress. *See* Chung Decl., **Ex. H.**

26.    UCS denies that Plaintiff's claims have any merit. UCSs also denies that Plaintiff suffered any damages. However, when the relief sought (i.e., compensatory, general, and special damages) is taken as a whole, the amount in controversy exceeds the $75,000.00 jurisdiction requirement, exclusive of interest and costs.

27.    Based on the foregoing, the amount in controversy in controversy in this matter far exceeds the jurisdictional amount of $75,000.00. Accordingly, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332, and which may be removed to this Court by Universal City Studios pursuant to 28 U.S.C. § 1441 based on diversity jurisdiction.

## **<u>VENUE</u>**

28.    Removal to this Court is proper because this District includes the county where the State Court Action is pending.

29.    By filing this Notice of Removal, UCS does not intend to waive, and hereby reserves, any objections as to personal jurisdiction, and all other defenses.

30.    This Notice of Removal is being served on Plaintiff's counsel on this date. UCS will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Los Angeles.

DEFENDANT UNIVERSAL CITY STUDIOS LLC'S NOTICE OF REMOVAL
OF CIVIL ACTION UNDER 28 U.S.C. § 1441 (b)

31.   This removal is brought by all served Defendants. *See* 28 U.S.C. § 1446 (b); *see also* Chung Decl., ¶ 15.

DATED:  July 3, 2025                    **KAHANA & FELD LLP**


_____
                                        Jaion Chung, Esq.
Attorneys for Defendant,
UNIVERSAL CITY STUDIOS LLC (sued
and served as DOE 1)

DEFENDANT UNIVERSAL CITY STUDIOS LLC'S NOTICE OF REMOVAL
OF CIVIL ACTION UNDER 28 U.S.C. § 1441 (b)

**CERTIFICATE OF SERVICE**
(F.R.Civ.P. Rule 5(b); U.S.D.C., C.D. Cal., L.R. 5-3)

***Belinda Guerra v. Universal Studios, Inc., et al.***
United States District Court Case No.

I am employed in the County of Orange, State of California. I am over the age of 18, and not a party to the within action. My business address is KAHANA & FELD LLP, 2603 Main Street, Suite 900, Irvine, CA 92614, and my email address is vrose@kahanafeld.com.

On July 3, 2025, I served the foregoing document described as:

**DEFENDANT UNIVERSAL CITY STUDIOS LLC'S NOTICE OF REMOVAL OF CIVIL ACTION UNDER 28 U.S.C. § 1441 (b)**

on the interested parties in said action as follows:

**SEE ATTACHED SERVICE LIST**

☐    By Mail [Federal]: I served a true copy of the above referenced document(s) by enclosing said document(s) in a sealed envelope or package addressed to the party(ies) listed in the attached service list and placing such envelope or package with postage thereon fully prepaid in the United States mail at Los Angeles, California.

☒    (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed below

☒    I caused said document(s) to be transmitted by email to each addressee set forth below on this date. The transmission of this document was complete and without error.

☐    By Overnight Mail: I caused such envelope to be delivered via overnight delivery to the party(ies) listed in the attached service list.

Executed on July 3, 2025, at Irvine, California.

☒    [Federal]  I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

_____
Vanessa Rose

1

## SERVICE LIST

2

### *Belinda Guerra v. Universal Studios, Inc., et al.*
United States District Court Case No.

3

4   Jon Sargsyan, Esq.
    Nicole Cointreau, Esq.
5   **THE INJURY LAW FIRM, LLP**
    3500 West Olive Ave. Suite 300
6   Burbank, CA 91505
    Electronic service:
7   nicole@theinjurylawfirm.com
    jon@theinjurylawfirm.com
8

9   *Attorneys for Plaintiff, BELINDA GUERRA*

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2
CERTIFICATE OF SERVICE